UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. CUYLER,

    Plaintiff,

v.                                                                 Case No. 8:24-cv-660-TPB-AAS

CHARLES R. WILSON, et al.,

    Defendant.
_____/

**ORDER DISMISSING CASE WITH PREJUDICE**

This matter is before the Court on Plaintiff James M. Cuyler's complaint filed on March 13, 2024. (Doc. 1). Plaintiff filed this *pro se* §§ 1983 and 1985 suit against five United States Circuit Judges, a United States District Judge, a United States Magistrate Judge, the United States Attorney for the Middle District of Florida, and three Assistant United States Attorneys based on actions taken in one or two civil cases.[1] Plaintiff essentially argues that the judicial proceedings and rulings against

---

[1] Because of the rambling and largely incoherent nature of the complaint, it is difficult to ascertain whether Plaintiff's instant claims are based only on the first case, or whether the claims are also based on conduct in the second case. Due to the inclusion of claims against Magistrate Judge Anthony Porcelli, it would appear that Plaintiff's grievances primarily stem from Case No. 8:22-cv-263-WFJ-AEP (M.D. Fla. 2022), in which Plaintiff (an employee of the Department of Veterans Affairs who worked as an optometry health technician) sued seventeen different defendants (including his employer, employees of the Department of Veterans Affairs, and employees of the Equal Employment Opportunity Commission) for alleged constitutional violations, conspiracy, and disparate treatment related to his complaints of disability discrimination and retaliation that were pending before the EEOC. That case was dismissed without prejudice, and Plaintiff appealed that and other decisions. However, Plaintiff also filed another case, 8:23-cv-347-WFJ-SPF (M.D. Fla. 2023), in which he sued the Department of Veteran Affairs and three employees for retaliation and harassment under federal and Florida law. The second case was also dismissed.

him have violated his constitutional rights, and he seeks a total of $55,000,000.00 in damages, or $5,000,000.00 from each named defendant. Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

### *Claims Against Judges*

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Wilson, Judge Pryor, Judge Jordan, Judge Newsom, Judge Grant, Judge Jung, and Judge Porcelli are each entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL 2632329, at 1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225

F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction). Because Plaintiff's allegations emanate from actions taken by these judges in their official judicial capacities during proceedings over which they had jurisdiction, the judges are absolutely immune from civil liability.

*Claims Against United States Attorney and Assistant United States Attorneys*

"In addition to federal judges, the 'Supreme Court has extended absolute immunity to various participants in the judicial process, whose duties are deemed vital to the administration of justice.'" *Bryan v. Murphy*, 243 F. Supp. 2d 1375, 1380 (N.D. Ga. 2003) (quoting *Moore v. Schlesinger*, 150 F. Supp. 2d 1308, 1311 (M.D. Fla. 2001)). As such, numerous courts have "extended immunity to government attorneys defending the government and its officials." *Id*. (collecting cases); *Baran v. Graham*, No. 6:09-cv-0410-JTC, 2009 WL 10670342, at *3 (M.D. Fla. June 12, 2009) ("The Middle District of Florida and other district courts in this Circuit have extended absolute immunity to Assistant United States Attorneys performing their regular advocacy function by defending the United States in a civil suit."). After all, the United States Attorney and Assistant United States Attorneys charged with defending the public interest in civil suits should not face the threat of

civil liability for their choice of litigation strategies in the presentation of the government's case.  *See Moore*, 150 F. Supp. 2d at 1313-14 ("[T]he need for absolute immunity is abundantly clear and is vitally necessary to enable the Defendants to perform their essential function in the judicial process without fear of harassment or intimidation."); *Baran*, 2009 WL 10670342, at *3 ("Extending absolute immunity to an AUSA is necessary in a case such as this where a plaintiff who is unsatisfied with the rulings of a federal court [] adds the AUSA as a party in a subsequent civil action based on the litigation strategy he or she utilizes in representing the United States.").

In this case, Plaintiff's allegations are premised upon the United States Attorney's and Assistant United States Attorneys' advocacy of the United States in the underlying civil lawsuits and appeal.  By participating in the underlying litigation and appeal, the United States Attorney and Assistant United States Attorneys were simply "fulfilling their functions as advocates for the United States." *See Conrad v. Evans*, 193 F. App'x 945, 948 (11th Cir. 2006).  As such, these defendants are entitled to immunity from liability for damages based on their actions related to the underlying civil cases and appeal.

*No Amendment Permitted*

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile.  *See McCree*, 2020 WL 2632329, at *1 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  "Leave to amend a complaint is futile

when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). In this case, amendment would be futile because every defendant is entitled to absolute immunity. As such, the complaint is due to be dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**, without leave to amend.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**